IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Harvin Alston,<br><br>      Plaintiff,<br><br>v.<br><br>Metro Management C/O, d/b/a Sam Burt Houses, Inc.,<br><br>      Defendant. | C/A No. 3:18-1748-JFA<br><br>**ORDER** |

This matter comes before the court on Defendant Metro Management C/O, d/b/a Sam Burt Houses, Inc.'s ("Defendant") Motion to Set Aside Default (ECF No. 22) and Motion to Dismiss/Transfer Venue (ECF No. 23). Plaintiff Harvin Alston ("Plaintiff") did not file a response to the Motion to Set Aside Default, but did file a response to the Motion to Dismiss. (ECF No. 28). Therefore, the motions are ripe for review.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*[1] and *in forma pauperis*, filed this civil action against Defendant on June 26, 2018 pursuant to 28 U.S.C. § 1331(a). (ECF Nos. 1, 9). Plaintiff alleges he lived in a two-bedroom co-op apartment in Brooklyn, New York, for 38 years before moving to South Carolina in April 2014 after Hurricane Sandy hit New York in October 2012, rendering his building unlivable. (ECF Nos. 1 at 7, 28 at 1). Plaintiff claims Defendant owes him the fair market

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

value of his apartment based on their contract. (ECF Nos. 1 at 7, 28 at 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant the Motion to Set Aside Default (ECF No. 22), grant the Motion to Transfer this case to the United States District Court for the Eastern District of New York (ECF No. 23), and otherwise deny the Motion to Dismiss (ECF No. 23). (ECF No. 29 at 9). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 29). The Magistrate Judge required Plaintiff to file objections by December 26, 2018. (ECF No. 29 at 11). Plaintiff did not file objections to the Report and the time to do so has now expired.

## II. DISCUSSION

A district court is required to conduct only a de novo review of the specific portions of the Magistrate Judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In the

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff did not timely file objections to the Report. The Magistrate Judge allowed Plaintiff ample time to respond to the Report and Plaintiff failed to do so. Without specific objections to the Report, this Court may adopt the Report without explanation.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 29). Therefore, this Court grants Defendant's Motion to Set Aside Default (ECF No. 22), grants Defendant's Motion to Transfer this case to the United States District Court for the Eastern District of New York (ECF No. 23), and otherwise denies Defendant's Motion to Dismiss (ECF No. 23).

IT IS SO ORDERED.

May 6, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge